RECEIVED

FEB 22 2021

BY MAIL

# IN THE UNITED STATES DISTRICT COURT

### for the

### EIGHTH CIRCUIT

### EASTERN DISTRICT – ST. LOUIS, MISSOURI

-o0o-

| | | |
|---|---|---|
| Joseph Matthew Ketsenburg, pro se, Plaintiff; | ) ) ) | Case No. _____ |
| v | ) ) ) | |
| ChexSystems, Incorporated, Defendant. | ) ) | Honorable Judge_____ |

## COMPLAINT SEEKING DAMAGES

## PURSUANT TO TITLE U.S.C §§ 1681n and 1681o

Joseph Matthew Ketsenburg, pro se
224 Reuter Street
Apartment 4
Park Hills, Missouri 63601
573-429-2649

## COMPLAINT

COMES NOW, Joseph Matthew Ketsenburg, pro se, to bring action before This

Honorable Court against ChexSystems, Incorporated for damages pursuant to Title 15 U.S.C. §§

1681n and 1681o.

## SUMMARY AND BACKGROUND

This case involves the failure of a consumer reporting agency, ChexSystems, to comply

with congressional mandates of the Fair Credit Reporting Act ("FCRA").

For over 12 months, Ketsenburg presented multiple requests to ChexSystems in an

attempt to eradicate the damage caused to him by more than 20 instances of identity theft. These

requests, and the failure by ChexSystems to comply with these requests, resulted in financial

losses far exceeding the financial losses caused by the identity theft. In addition, the acts and

omissions of ChexSystems have caused Ketsenburg to isolate from friends and family, stress and

physical impediments, fears related to his finances, and seeking mental health treatment as a

means of addressing the mental anguish and emotional distress caused by ChexSystems.

As of the filing of this action, ChexSystems has failed to:

a) produce documentation regarding its investigation of Ketsenburg's disputes, identifying

   each specific item of information that was furnished to ChexSystems and the business

   entity furnishing that information, pursuant to Title 15 U.S.C. §§ 1681c-1(a)(2)(B) and

   1681i(a)(6)(B); and,

b) include upon Ketsenburg's consumer report "a brief statement setting forth the nature of

   [his] dispute[s]", as required by Title 15 U.S.C. §1681i(b); and

c) place a "security freeze" and extended fraud alert upon Ketsenburg's consumer report and verify such as required by Title 15 U.S.C. §§1681c-1(a)(1)(A) and 1681c-1(b)(1); and,

d) place Ketsenburg on any "opt out" list maintained by or associated with ChexSystems and verify such, as required by Title 15 U.S.C. §1681b(e); and,

e) negotiate settlement of the financial losses caused to Ketsenburg when ChexSystems delayed its investigation into his disputes and obstructed his efforts to obtain disclosures regarding those investigations, as required by Title 15 U.S.C. § 1681i(a)(6)(B)(iii).

The acts by ChexSystems stem from events beginning over two years prior to the commencement of this action, when Ketsenburg was geographically displaced from his home due to matters unrelated to this action.

In late 2018, Ketsenburg discovered that his ex-girlfriend, Barbara Halcomb, ("Halcomb") was applying for loans and credit cards using his personal information. Some of these applications were approved, causing direct financial losses to Ketsenburg, as well as false, inaccurate, and misleading information being reported to ChexSystems. Ketsenburg submitted numerous complaints to various law enforcement agencies. The financial losses, however, did not overcome prosecutorial discretion, thus no criminal charges have been brought against Halcomb as of the undersigned date.

Ketsenburg returned to Missouri in early 2019 after incurring financial losses attempting to address the identity theft against him and mitigate potential further damage. It was then, in early 2019, that Ketsenburg first learned of ChexSystems, its role as a consumer reporting agency, and its disclosure of inaccurate information found upon Ketsenburg's credit reports.

## JURISDICTION

1. Plaintiff avers that This Honorable Court has jurisdiction pursuant to Title 15 U.S.C. §
   1681p in that liability created by the FCRA may be brought in any appropriate United
   States District Court, without regard to the amount in controversy. See *Henson v CSC
   Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

2. Plaintiff avers that jurisdiction is also proper pursuant to Title 28 U.S.C. § 1331 in that
   this is a civil action arising under the laws of the United States.

3. Plaintiff avers that jurisdiction is also proper pursuant to Title 28 U.S.C. § 1357 in that
   injury was caused to his person and property on account of Defendant acting under the
   FCRA.

## VENUE

4. Plaintiff avers that venue is proper in This Honorable Court pursuant to Title 28 U.S.C.
   § 1391 in that:

   a) the Defendant operates its business in this judicial district; and,

   b) the acts and omissions by Defendant were directed towards Plaintiff while he resided
      within this judicial district; and,

   c) Defendant is a business entity with its principal place of business in Minnesota and an
      "executive office" located in Florida; however, Defendant maintains the minimum
      sufficient contacts within this judicial district to come under the jurisdiction of This
      Honorable Court.

5.  Plaintiff avers that consolidation of these matters before This Honorable Court would conserve judicial resources, avoid multi-district litigation, and would not offend traditional notions of fair play and substantial justice.

## PARTIES

6.  Plaintiff Joseph Matthew Ketsenburg is a citizen of Missouri, with his domicile in Missouri.  With a rudimentary concept of the right of law, he has sought to correct the inaccurate information disseminated by Defendant, incurring great financial losses, undue mental anguish and emotional distress.

7.  Defendant ChexSystems, Inc. is a corporation with its principal place of business in Minnesota, yet operating in states including Missouri and Florida.  It is a consumer reporting agency responsible for providing accurate information about consumers to business entities with a permissible purpose to obtain such consumer information. ChexSystems is also in a unique position to ensure the rights granted consumers by Congress are secured.

## STATEMENT OF FACTS

The following facts set forth the interactions between Ketsenburg and ChexSystems and are pled with particularity as required by Rule 26 of the Federal Rules of Civil Procedure.

8.  Ketsenburg first contacted Defendant ChexSystems by phone on or about February 1, 2019 in order to: a) dispute and remove the false, inaccurate, and misleading information found upon his consumer report; and, b) obtain disclosers from ChexSystems that would aid Ketsenburg to bring an action against Halcomb.

9.  ChexSystems responded in writing to Ketsenburg, providing him an "Identity Theft Summary of Rights;" however, neither acknowledged his disputes nor provided tangible documentation pursuant to his requested disclosures.

10. Ketsenburg contacted ChexSystems by phone on or about February 15, 2019 to follow up on his previous phone call, in addition to requesting contact information for those business entities that had furnished information about Ketsenburg to ChexSystems.

11. Ketsenburg began incurring financial losses on February 22, 2019 after ChexSystems failed to report information furnished to it by First Midwest Bank ("FMB") as undisputed. On June 28, 2018, a loan was fraudulently obtained by Halcomb from CashNet USA, who then sought repayment of the loan through automated deductions from Ketsenburg's FMB account. The account was closed when these deductions led to insufficient funds. Ketsenburg first notified FMB in late 2018 of this fraudulent activity. FMB claims it has documentation verifying that it notified "credit bureaus" of the dispute. Because ChexSystems did not report the FMB information as disputed, Ketsenburg was given notice of Adverse Action by First State Community Bank when he opened a checking account, and has incurred a monthly fee for maintaining that account.

12. Ketsenburg contacted Lori Jones ("Jones") on May 2, 2019, by phone, regarding ChexSystems' refusal to resolve Ketsenburg's requests for documentation of the dispute investigations. Jones, a specialist with ChexSystems, did not provide resolution to the matter.

13. Ketsenburg began receiving mental health treatment during May 2019 to address, in part, the mental anguish and emotional distress endured as a result of the identity theft and obstruction by ChexSystems of Ketsenburg's efforts to bring suit against the identity

thief. Ketsenburg is still receiving mental health treatment as of the undersigned date and will submit an affidavit discussing the injury caused by ChexSystems.

14. ChexSystems provided Ketsenburg a consumer report on June 6, 2019 stating that this consumer report "is the only version of a consumer disclosure" provided by ChexSystems. No investigatory documentation was provided.

15. Ketsenburg gave written notice, hereinafter "Notice and Demand") to ChexSystems on September 3, 2019:

   a) identifying with specificity the disputed information found upon Ketsenburg's consumer report; and,

   b) disputing numerous inquiries and demanding an investigation of the disputed information; and,

   c) requesting ChexSystems identify, in writing, the business entities who provided ChexSystems the false and inaccurate information, and specify the information furnished to ChexSystems by each business entity.

16. ChexSystems responded to Ketsenburg's "Notice and Demand" on September 10, 2019 stating that it had "initiated a review of the consumer file" and ordered unidentified business entities to conduct an investigation regarding the "accuracy and completeness of the information they submitted." ChexSystems did not note on Ketsenburg's consumer report. the inquiries as "disputed."

17. Also in that written response on September 10, 2019, ChexSystems claimed that a letter from the United States Postal Inspection Services ("USPIS") to Ketsenburg did not "support the claim of identity theft or fraud." This letter from the USPIS was the only

response at that time by the USPIS confirming Ketsenburg's complaint to them of the identity theft against him.

18. In order to further secure his rights according to applicable law, Ketsenburg served ChexSystems a second written notice, hereinafter referred to as "Notice of Fault", on October 7, 2019.

19. In his "Notice of Fault", Ketsenburg:

    a)  again identified with specificity the disputed information; and,

    b)  provided signed and updated memos from the USPIS verifying Ketsenburg's report of identity theft to that agency; and,

    c)  provided a report by Ketsenburg of identity theft to the Federal Trade Commission; and,

    d)  provided correspondence from business entities verifying that information furnished to ChexSystems was the result of identity theft.

20. In addition to reiterating his previous demands in Ketsenburg's "Notice of Fault," he also demanded that ChexSystems:

    a)  properly annotate the inquiries as "disputed" by including a statement of dispute provided by him upon his consumer report, which Ketsenburg provided; and,

    b)  provide disclosures regarding the investigation process, including details of information exchanged between ChexSystems and the furnishers of consumer information found upon Ketsenburg's consumer report; and,

    c)  place a security freeze upon Ketsenburg's consumer report and,

d) place Ketsenburg's name on any "opt out" lists maintained by

ChexSystems.

21. ChexSystems notified Ketsenburg on October 1, 2019 that his personal account

information was "inadvertently sent to another institution" by investigators with

ChexSystems. Neither the information nor the institutions were identified in that notice.

22. Ketsenburg made numerous phone calls to ChexSystems between October 4, 2019 and

October 29, 2019, demanding tangible documentation disclosing the unidentified

institution who received his "account information" and identification of the information

disclosed. Ketsenburg has not received this written documentation as of the undersigned

date, despite requesting such from Tiffany Hall (Process Manager), Jessica (Supervisor,

Consumer Services), Michael O'Connell (Director, Consumer Services), and Stephen

Teplin (Assistant General Counsel).

23. In a final attempt to remove all the inaccuracies found on Ketsenburg's consumer report

and obtain all requested information; on October 29, 2019, Ketsenburg spoke by phone

with Stephen Teplin ("Teplin"), Assistant General Counsel for ChexSystems. Teplin

acknowledged receipt of Ketsenburg's "Notice and Demand" and "Notice of Fault," then

gave assurances that the matter would be resolved.

24. Teplin responded in writing on October 30, 2019 and provided Ketsenburg his consumer

report showing removal of the false, misleading, and inaccurate information, previously

identified by Ketsenburg.

25. Upon receiving the correspondence from Teplin, Ketsenburg made phone calls to Teplin

and ChexSystems Lead General Counsel Lynn Cravey informing them that:

a) ChexSystems is refusing to include Ketsenburg's consumer statement upon his consumer report; and,

b) ChexSystems is refusing to provide documentation verifying the "security freeze" Ketsenburg requested be placed upon his consumer report; and,

c) ChexSystems is refusing to provide documentation verifying it has placed Ketsenburg on its "opt out" list; and,

d) ChexSystems is refusing to provide tangible documentation detailing its reinvestigation of Ketsenburg's dispute or the "inadvertent" disclosure to the "[ ]other institution;" and,

e) ChexSystems is refusing to negotiate settlement for failing to provide the requested FCRA-mandated disclosures and damages directly related to correcting Ketsenburg's consumer report, amounting in excess of Two-Thousand, Seven-Hundred and Twenty-Five United States Dollars ($2,725.00), as of that day.

26. Ketsenburg gave ChexSystems final written notice on January 13, 2020 of his intent to seek judicial resolution of this matter in the event ChexSystems did not fully and completely comply with FCRA mandates.

27. As of the undersigned date, ChexSystems maintains its refusal to comply with FCRA mandates, as outlined herein.

///

///

///

///

## CLAIM I

(Violation of FCRA, Title 15 U.S.C. § 1681e(b)

(Willful and/or Negligent Noncompliance with FCRA

mandates to maintain reasonable procedures to ensure maximum

accuracy, entitling damages pursuant to §§ 1681n and 1681o)

28. Plaintiff realleges paragraphs 8 through 27, specifically paragraph 11.

29. By doing the acts described within paragraphs 8 through 27, Defendant ChexSystems
    failed to maintain and/or follow reasonable procedures to ensure the maximum possible
    accuracy of Plaintiff's consumer report.

    A credit reporting agency ("CRA") must have in place procedures for screening
    the information it receives from its clients, the furnishers of consumer information. In
    addition, these procedures must embrace governmental regulations designed to identify
    and mitigate the effects of identity theft. In the event a CRA fails to initially identify
    activity associated with a consumer report as that resulting from identity theft, a
    reasonable investigation must be concluded within 45 days after notice of dispute by the
    consumer. Additionally, upon such notice by the consumer, the CRA must block, within
    4 business days, all information alleged to be the result of identity theft.

    Over a period of approximately nine months, Defendant ChexSystems caused
    harm to Ketsenburg by preparing consumer reports without the identity theft related
    information blocked, deleted, or noted as disputed. It's procedures were unreasonable in
    that respect, leading to inaccurate and misleading reports, causing Ketsenburg mental
    anguish, emotional distress, and actual damage, entitling him to recover damages

pursuant to Title 15 U.S.C. §§1681n and 1681o.

## **CLAIM II**

(Violation of FCRA, Title 15 U.S.C. § 1681i(b))

(Willful and/or Negligent Noncompliance with FCRA

Pursuant to Title 15 U.S.C. §§ 1681n and 1681o)

30. Plaintiff realleges paragraphs 8 through 27, specifically paragraph 19 and paragraphs 25(a) through 27.

31. By doing the acts described within paragraphs 8 through 27, specifically paragraph 19 and paragraphs 25(a) through 27, Defendant is refusing to include Ketsenburg's consumer statement upon his consumer report, a statement of less than 100-words provided to Defendant by Ketsenburg. Plaintiff is thereby entitled to recover damages pursuant to Title 15 U.S.C. §§ 1681n and 1681o.

///

///

///

///

///

///

## CLAIM III

(Violation of FCRA, Title 15 U.S.C. §§ 1681c-1(a)(2)(B) and 1681i(a)(6)(B))

(Willful and/or Negligent Noncompliance with FCRA

Pursuant to Title 15 U.S.C. §§ 1681n and 1681o)

32. Plaintiff realleges paragraphs 8 through 27.

33. By doing the acts described in paragraphs 8 through 27, Defendants failed to provide to Plaintiff the requested disclosures; specifically, Plaintiff was not provided documentation regarding the investigation of Ketsenburg's disputes nor was he provided identification of the source of the inaccurate information and identification of the business entity providing that identified inaccurate information. Plaintiff is thereby entitled to recover damages pursuant to Title 15 U.S.C. §§ 1681n and 1681o.

## CLAIM IV

(Violation of FCRA, Title 15 U.S.C. § 1681i(a)(1)(A))

(Willful and/or Negligent Noncompliance with FCRA

Pursuant to Title 15 U.S.C. §§ 1681n and 1681o)

34. Plaintiff realleges paragraphs 8 through 27.

35. By doing the acts described in paragraphs 8 through 27, Defendants failed to conduct a reasonable investigation into Ketsenburg's disputes and delete the information identified as the result of identity theft until months after the expiration of the 45 days allotted for

such investigations and disclosures to consumers of investigation results. Plaintiff is

thereby entitled to recover damages pursuant to Title 15 U.S.C. §§ 1681n and 1681o.

## **CLAIM V**

(Violation of FCRA, §§1681c-1(a-b) and 1681t

and Missouri statute 407.1382 RsMO)

(Willful and/or Negligent Noncompliance with FCRA

Pursuant to Title 15 U.S.C. §§ 1681n and 1681o)

36. Plaintiff realleges paragraphs 8 through 27.

37. By doing the acts described within paragraphs 8 through 27, Defendant failed to verify or

notify Plaintiff of his request to have a "security freeze" and fraud alert placed upon his

consumer file maintained by Defendant. As of the undersigned date, no evidence has

been provided to Plaintiff confirming his request has been fulfilled. Plaintiff is thereby

entitled to recover damages pursuant to Title 15 U.S.C. §§ 1681n and 1681o.

///

///

///

///

///

## REQUEST FOR RELIEF

WHEREFORE NOW, Plaintiff requests:

38. Compensatory and punitive damages, including general and specific damages, according to proof, of $250,000; and,

39. Injunctive relief in the form of an order by This Honorable Court ordering Defendant to make all disclosures as requested by Plaintiff; and,

40. Any further relief which This Honorable Court may deem appropriate.

## VERIFICATION

Complainant, Joseph Matthew Ketsenburg, affirms by solemn oath that the foregoing statements are true and accurate, under penalty of perjury, pursuant to Title 28 U.S.C. § 1746, are not made under threat, duress or coercion, and is competent to testify if called upon, executed under signature and seal this 20ᵗʰ day in the month of February , 20 21 .

Joseph Matthew Ketsenburg
224 Reuter Street
Apartment 4
Park Hills, Missouri 63601
573-429-2649

///

///

///