**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MATTHEW KETSENBURG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-CV-220-NCC |
| | ) | |
| CHEXSYSTEMS, INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of self-represented plaintiff Joseph Matthew Ketsenburg for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(e)(2)(B). Additionally, the Court has carefully reviewed plaintiff's complaint and for the reasons discussed below, the Court will direct the Clerk of Court to issue process or cause process to issue upon defendant ChexSystems, Incorporated.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, a resident of the State of Missouri, seeks monetary and injunctive relief in this action against ChexSystems, Incorporated ("ChexSystems") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").  Plaintiff alleges that in late 2018 he discovered he was a victim of identity theft.  Plaintiff states his ex-girlfriend applied for loans and credit cards using his personal information without his authorization or knowledge. Plaintiff

alleges that in 2019 he contacted defendant ChexSystems, a credit reporting agency ("CRA"), to dispute specific information on his credit report, but ChexSystems failed to properly investigate the disputes and report the information as blocked, deleted, or disputed.  Plaintiff states ChexSystems was also contacted by his former bank to confirm that certain information on his credit report was disputed, but ChexSystems failed to adjust his credit report accordingly.  Plaintiff further alleges ChexSystems refused to provide him with documentation of their dispute investigations and failed to identify who provided ChexSystems with the false and inaccurate information.  Plaintiff states that as a result of ChexSystems's failure to conduct a reasonable investigation and delete inaccurate information, he suffered from severe emotional distress.  For relief, plaintiff seeks compensatory and punitive damages in the amount of $250,000, as well as a court order directing defendant to "make all disclosures."

## Discussion

Having reviewed the complaint, the Court finds that plaintiff's claims against defendant ChexSystems survive review under § 1915(e)(2)(B) and should not be dismissed at this time. *See* 28 U.S.C. § 1915A.

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).  Under the FCRA, if a consumer notifies a CRA of a dispute regarding the completeness or accuracy of information contained in the consumer's credit report, the CRA is required to conduct a reasonable reinvestigation of the disputed information and determine whether the information is inaccurate.  *See* 15 U.S.C. § 1681i(a).  As part of its reinvestigation, the CRA must notify the furnisher of the credit information of the dispute, and either record the current status of the disputed information or delete it from the consumer's file.  *Id.*; 15 U.S.C.

§ 1681i(a)(2).  To enforce these provisions, the FCRA created a private right of action against CRAs for willful noncompliance (15 U.S.C. § 1681n) and for negligent noncompliance (15 U.S.C. § 1681o).  At this early stage of the litigation, the Court finds that plaintiff's petition appears to allege enough facts to state a claim under the FCRA.

Plaintiff has also filed a motion for service of process at the government's expense.  ECF No. 3.  As noted above, the Court has determined that plaintiff is authorized to proceed *in forma pauperis* in this action. Plaintiff is therefore entitled to have the summons and complaint served at no expense to him.  *See* 28 U.S.C. § 1915(d).  The motion is therefore moot and will be denied as such.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for service of process at government expense [ECF No. 3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that as to plaintiff's claims brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, the Clerk of the Court shall issue process or cause process to issue upon defendant ChexSystems, Incorporated at: 7805 Hudson Road, Suite 100, Woodbury, Minnesota 55125.

Dated this 15th day of March, 2021.

 /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE