**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH MATTHEW KETSENBURG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 4:21-cv-0220-RLW** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CHEX SYSTEMS, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**<u>BY DEFENDANT CHEX SYSTEMS, INC.</u>**

## TABLE OF CONTENTS

**Page**

I.    **PRELIMINARY STATEMENT** ................................................................. 1

II.    **ARGUMENT** ........................................................................................... 2

    A.    Plaintiff's Opposition confirms that the Court should dismiss the FAC for failure to comply with Rule 8. ............................................ 2

    B.    Plaintiff's claims are time-barred despite the Opposition's attempts to revise dates alleged in the FAC. ................................................ 4

    C.    Plaintiff's Opposition demonstrates the futility of his §1681i claims. ................. 6

        1.    Plaintiff's Opposition does not change the fact that ChexSystems did not report inaccurate information. ....................................... 6

        2.    Plaintiff failed to state a plausible claim for a violation of § 1681i, and his Opposition does not show otherwise. ............................. 7

    D.    Plaintiff's arguments in the Opposition regarding § 1681c-1 are misguided. ............................................................................................ 8

    E.    Plaintiff's Opposition concedes he did not request a file disclosure and his Section 1681g claim fails entirely. ....................................... 9

III.    **CONCLUSION** ..................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**                                                                                              **Page(s)**

*Beckstrom v. Direct Merchant's Credit Card Bank,*
   Case No. 04-1351, 2005 U.S. Dist. LEXIS 16071 (D. Minn. Aug. 5, 2005) ....................9, 10

*Benson v. Trans Union, LLC,*
   387 F. Supp. 2d 834 (N.D. Ill. 2005) ......................................................................................9

*City of Webster Groves v. CCATT LLC,*
   No. 4:18-CV-1910 RLW, 2020 U.S. Dist. LEXIS 128271 (July 21, 2020) ............................4

*Danehy v. Experian Info. Sols., Inc.,*
   No. 5:18cv17, 2018 U.S. Dist. LEXIS 165165 (E.D.N.C. Sept. 26, 2018) ...........................13

*Jones v. Equifax, Inc.,*
   No. 3:14cv678, 2015 U.S. Dist. LEXIS 114106 (E.D. Va. Aug. 27, 2015) ...........................13

*Krosch v. Equifax Info. Servs., LLC,*
   Case No. 19-CV-2784, 2020 U.S. Dist. LEXIS 99150 (D. Minn. June 5, 2020) .....................9

*Martin v. United Collections Bureau, Inc.,*
   No. 4:14-CV-804-JAR, 2015 U.S. Dist. LEXIS 91017 (E.D. Mo. July 14,
   2015) .......................................................................................................................................7

*Murphy v. Midland Credit Mgmt.,*
   456 F. Supp. 2d 1082 (E.D. Mo. 2006).....................................................................................9

*Tailford v. Experian Info. Sols., Inc.,*
   No. 19-02191JVS, 2020 U.S. Dist. LEXIS 84658 (C.D. Cal. May 12, 2020) .......................13

*Young v. United Fruit & Produce Co.,*
   No. 4:20-CV-403 RLW, 2021 U.S. Dist. LEXIS 22536 (E.D. Mo. Jan 11,
   2021) ........................................................................................................................................5

*Young v. United Fruit & Produce Co.,*
   No. 4:20-CV-403 RLW, 2020 U.S. Dist. LEXIS 186041 (E.D. Mo. Oct. 7,
   2020) ........................................................................................................................................5

**Statutes**

15 U.S.C. § 1681c-1(a)(2)........................................................................................................10, 11

15 U.S.C. § 1681c-1(a)(2)(A) .......................................................................................................11

15 U.S.C. § 1681c-1(a)(2)(B) ..................................................................................................10, 11

15 U.S.C. § 1681g............................................................................................................10, 11, 12, 13

15 U.S.C. § 1681g(a)(1) ................................................................................................12

15 U.S.C. § 1681i ................................................................................................4, 8, 9

15 U.S.C. § 1681p ................................................................................................6

California's Identity Theft Law ................................................................................8

Fair Debt Collections Practices Act ..........................................................................7

FCRA ................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 8 ................................................................................................ i, 4, 5

Fed. R. Civ. P. Rule 12(b)(6) ................................................................................3

Local Rule 4.01(B) ................................................................................................3

Local Rule 4.01(C) ................................................................................................ i

<u>**Reply Memorandum in Support of Motion to Dismiss Plaintiff's First Amended Complaint**</u>

Chex Systems, Inc. ("ChexSystems"), by counsel and pursuant to Local Rule 4.01(C) of the United States District Court for the Eastern District of Missouri, files its Reply Memorandum in Support of Motion to Dismiss filed by ChexSystems (ECF No. 24).

**I.     <u>Preliminary Statement</u>**

On June 9, 2021, ChexSystems filed its Motion to Dismiss Joseph Matthew Ketsenburg's ("Plaintiff") First Amended Complaint ("FAC"), along with its accompanying Memorandum in support (ECF Nos. 23 and 24 collectively, "Motion to Dismiss"). ChexSystems' Motion to Dismiss seeks dismissal of the FAC for, among other things, failure to comply with the short and plain requirement of Fed. R. Civ. P. 8, failure to state a claim upon which relief may be granted under Fed. R. Civ. P. Rule 12(b)(6), and because several of Plaintiff's claims are barred by the Fair Credit Reporting Act's ("FCRA") two-year statute of limitations.

In his "Memorandum in Opposition in Response to Defendant's Motion to Dismiss Pursuant to E.D. MO. Local Rule 4.01(B)" (ECF No. 31) ("Opposition"),[1] Plaintiff attempts to rewrite his FAC to avoid dismissal. Characterizing the FAC as "exhaustive," Plaintiff describes it as demonstrating "1) a systemically flawed procedure with regards to collecting and maintaining the accuracy of Plaintiff's consumer information, 2) resolving Plaintiff's disputes, 3) blocking the information on Plaintiff's consumer report that resulted in identity theft, and, 4) Plaintiff disclosures as mandated under the FCRA." Opp. at 1. But simply stating that the FAC demonstrates these notions does not make it so – as the Opposition wholly fails to confront ChexSystems' arguments that the FAC is not short and plain, nor does it allege plausible violations

---

[1] Several iterations of Plaintiff's opposition to ChexSystems' Motion to Dismiss have appeared on the docket, creating a murky record. For purposes of clarity, ChexSystems advises that, pursuant to this Court's June 23, 2021 Order (ECF No. 33), this brief responds to Plaintiff's Opposition at ECF No. 31.

of the FCRA.  Plaintiff's Opposition does nothing to cure the FAC's deficiencies.  Accordingly, this Court should dismiss the FAC with prejudice.

## II.    Argument

### A.    Plaintiff's Opposition confirms that the Court should dismiss the FAC for failure to comply with Rule 8.

This Court has made it clear that "the primary purpose of Rule 8 is to allow the Court and the opposing party to understand whether a valid claim is alleged and, if so, what it is. The complaint must be sufficiently clear so the Court or opposing party 'is not required to keep sifting through it in search of what it is plaintiff asserts.'" *City of Webster Groves v. CCATT LLC*, No. 4:18-CV-1910 RLW, 2020 U.S. Dist. LEXIS 128271, at *9 (July 21, 2020).  But that is precisely the position in which ChexSystems finds itself; it has sifted through the FAC, but still cannot ascertain what it is being accused of and the basis for those allegations.

Plaintiff's Opposition barely touches on Rule 8 except to suggest that "more detail was required in the FAC to show Plaintiff made disputes directly with the furnishers" and that "complex cases 'will require more detail' to provide adequate notice and to show how the pleading theory's 'dots should be connected.'" Opp. at 2-3.  But "disputes directly with the furnishers" are irrelevant to the claims under 15 U.S.C. § 1681i (Plaintiff's primary allegations), and the additional "detail" in the FAC related to *other parties* and *other transactions* does not tell ChexSystems – the sole defendant – how or when it allegedly harmed Plaintiff.  The Opposition does not address how ChexSystems could defend itself when the majority of the allegations in the FAC relate to, among others, Speedy Cash, Clarity, FactorTrust, Opportunity Financial, and CNU Online Holdings (CashNet).  Nor does the FAC connect the litany of random factual assertions with the legal relief sought. In short, the Opposition completely fails to convey how ChexSystems is supposed to respond to the allegations in the FAC when it cannot understand what it is being accused of.

Since the inception of this matter, this Court has shown great deference to Plaintiff, who is purportedly proceeding *pro se*,[2] and this Court has explained the requirements necessary to comply with Rule 8. *See, e.g.*, 5/13/2021 Memo & Order at 2 (ECF No. 6) ("even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law"); 5/10/21 Memo & Order at 2 (ECF No. 19) ("Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct").   But despite amending the complaint, Plaintiff still has not complied with Rule 8, thus, the FAC should be dismissed.

In another matter recently before it, this Court dismissed the complaint of a self-represented party for failing to comply with Rule 8, stating

> Plaintiff's complaint is deficient and subject to dismissal because the Court cannot understand what claims Plaintiff asserts and whether any are valid. The Complaint does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Plaintiff's Complaint contains numbered paragraphs, it is long, repetitive, and filled with irrelevant and extraneous information. …. This deficiency is compounded by Plaintiff's failure to set forth separate claims or counts, [and] to identify his causes of action …. Plaintiff's failure to comply with Rule 8(a) makes this action subject to dismissal.

*Young v. United Fruit & Produce Co.*, No. 4:20-CV-403 RLW, 2020 U.S. Dist. LEXIS 186041, at *7-8 (E.D. Mo. Oct. 7, 2020).  *See also Young v. United Fruit & Produce Co.*, No. 4:20-CV-403 RLW, 2021 U.S. Dist. LEXIS 22536, at *3 (E.D. Mo. Jan 11, 2021) (amended complaint dismissed for failing "to allege facts permitting the reasonable inference that the Defendant[ was] liable for any misconduct. In other words, it failed to state a claim upon which relief can be granted.")  In that case, the Honorable Judge White could have been writing about the present

---

[2] Plaintiff states that he is proceeding pro se but an entity called "Freedom Paralegals" appears to serve his legal filings and communicate on his behalf.

matter – the same pleading deficiencies exist here.  As a result, the Court should dismiss the FAC *with prejudice*, as Plaintiff has already had the opportunity to amend.

> **B.    Plaintiff's claims are time-barred despite the Opposition's attempts to revise dates alleged in the FAC.**

In its Motion to Dismiss, ChexSystems argued that Plaintiff's § 1681i(a) claims fail because they are barred by the two-year statute of limitations under the FCRA. Specifically, ChexSystems' argued that, based on a letter described in the FAC, Plaintiff would have discovered any alleged failure to conduct a reasonable reinvestigation by February 6, 2019 – more than two years before he filed this lawsuit on February 22, 2021.

Plaintiff counters this argument by stating that "[a]ctual injury in this matter occurred on February 22, 2019, when Defendant issued a consumer report on Plaintiff to First State Community Bank."  Opp. at 4.  While this date is conveniently exactly two years to the day before Plaintiff filed suit, this date also appears to be manufactured.  In the FAC, the only reference to First State Community Bank is a year later in 2020 – not in 2019 as stated in the Opposition. *See* FAC ¶ 113 ("On February 22, **2020**, an employee of First State Community Bank ("FSCB") viewed a consumer report on Plaintiff furnished by Defendant." (emphasis added)).  Plaintiff appears to be concocting convenient facts dates to avoid dismissal, which the Court should not allow.

In any event, Plaintiff's reliance on a manufactured date has no bearing on a proper statute of limitations analysis. Under the FCRA,

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—
> (1) **2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability**; ….

15 U.S.C. § 1681p (emphasis added).  As best as ChexSystems can discern, the basis for liability stems from ChexSystems' alleged failure to conduct a reasonable investigation into Plaintiff's

dispute and failure to properly reinvestigate his February 1, 2019 dispute. *See, e.g.*, FAC ¶¶ 87, 89, 259. Plaintiff admits, however, that ChexSystems mailed him a letter responding to the dispute as well as an "Identity Theft Summary of Rights" on February 6, 2019 (and further responded on February 11, 2019). *Id.* ¶¶ 90-91, 99-101. This means that Plaintiff would have discovered any alleged violation regarding a failure to conduct a reasonable reinvestigation by February 6, 2019 – more than two years before he filed this lawsuit.

Plaintiff "concedes that normally the two-year statute of limitations begins to toll once an act of identity theft has been discovered" but claims that in this case, he "knew of only one inaccurate inquiry" prior to the statute of limitations cut-off date. Opp. at 4. Plaintiff then cites a case from Eastern District of Missouri apparently for the proposition that the limitations period "'commences from the time of injury to the consumer or from the date of the consumer's discovery of the error, whichever is later.'" *Id.* citing *Martin v. United Collections Bureau, Inc.*, No. 4:14-CV-804-JAR, 2015 U.S. Dist. LEXIS 91017, at *16 (E.D. Mo. July 14, 2015). But the *Martin* case is a Fair Debt Collections Practices Act action and only cites to a 1988 Fifth Circuit case regarding "intentional non-compliance" under the FCRA in passing. *Id.* citing *Hyde v. Hibernia Nat. Bank of Jefferson Parish*, 861 F.2d 446 (5th Cir. 1988). Plaintiff does not bring any "intentional non-compliance" claims, and his caselaw is inapposite. As explained above, Plaintiff's claims are time-barred because he would have discovered any alleged violation regarding a failure to conduct a reasonable reinvestigation more than two years before he filed this lawsuit.

### C.    Plaintiff's Opposition demonstrates the futility of his §1681i claims.

#### 1.    Plaintiff's Opposition does not change the fact that ChexSystems did not report inaccurate information.

Plaintiff states that he is "dumbfounded to believe [ChexSystems] would claim the information being reported upon his consumer report was accurate" when it was "the result of identity theft."  Opp. at 6.  But the point remains that ChexSystems' reporting on the bank account closed for insufficient funds was, in fact, accurate, and Plaintiff's Opposition presents nothing to the contrary.  Plaintiff admits his bank account with First Midwest Bank was reported for "non-sufficient funds (NSF) activity" as "the result of automated deductions from Plaintiff's FMB account in connection with repayment of the loan that was obtained by acts of identity theft."  FAC ¶¶ 60, 61, 28.  Whether or not his account *should* have been debited, Plaintiff admits that the account *was*, in fact, debited and *was*, in fact, closed for non-sufficient funds.  *Id.*  This means that ChexSystems' reporting was factually accurate, which is a complete defense under § 1681i.

Plaintiff asserts that "courts unanimously agree that information appearing upon a consumer report due to acts of identity theft is inaccurate," but the cases cited by Plaintiff do not stand for this proposition, let alone unanimity. Opp. at 6.  For example, while the plaintiff in *Yutesler v. Sears Roebuck & Co*. claimed to be a victim of identity theft, the case itself addresses preemption of state law claims by the FCRA and does not address whether information resulting from identity theft is inaccurate,  263 F. Supp. 2d 1209 (D. Minn. 2003), and *Satey v. JP Morgan Chase & Co.*[3] has no bearing on the instant case because it evaluates California's Identity Theft Law and the meaning of a "claimant" under it.  521 F.3d 1087 (9th Cir. 2008).  As for the language from *Benson v. TransUnion* cited in the Opposition, Plaintiff ignores the necessary context differentiating between "a run-of-the-mill case of identity theft" (where "reporting of an account

---

[3] Plaintiff's citation to the *Satey* case is incorrect; it is not a Fourth Circuit decision.

can be considered 'inaccurate' even though the account contains a victim's true personal information") and where it is "far from clear" whether the identity was stolen (such as here, where the facts are more complicated). *Benson v. Trans Union, LLC*, 387 F. Supp. 2d 834, 841 (N.D. Ill. 2005). Nothing in the Opposition changes the fact that ChexSystems did not report inaccurate information or that "accurate reporting by a credit reporting agency is a complete defense" to a 1681i(a) claim." *Murphy v. Midland Credit Mgmt*., 456 F. Supp. 2d 1082, 1089 (E.D. Mo. 2006).

### 2. Plaintiff failed to state a plausible claim for a violation of § 1681i, and his Opposition does not show otherwise.

Plaintiff seeks relief in his FAC under §§ 1681i(a)(6)(B) and (a)(7) concerning the notice that a consumer reporting agency must provide following the completion of a reinvestigation of a dispute. FAC at 5, ¶ IV. Plaintiff, however, failed to state a plausible claim for such violations because he did not plead any facts regarding ChexSystems' alleged failure to reinvestigate the dispute. As set out in its Motion to Dismiss, under § 1681i, "if a consumer disputes 'the completeness or accuracy of any item of information contained in a consumer's file' and the consumer notifies the CRA of such dispute, the CRA 'shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.'" *Krosch v. Equifax Info. Servs., LLC*, Case No. 19-CV-2784, 2020 U.S. Dist. LEXIS 99150, at *9 (D. Minn. June 5, 2020) (quoting 15 U.S.C. § 1681i(a)(1)(A)). Thus, for Plaintiff to properly bring a claim under § 1681i(a), he must *first*, allege what information on his file is disputed; *second*, allege that he notified ChexSystems of the dispute; and then *third*, *allege how ChexSystems failed to conduct a reasonable reinvestigation*. *See also Beckstrom v. Direct Merchant's Credit Card Bank,* Case No. 04-1351, 2005 U.S. Dist. LEXIS 16071, at *14 (D. Minn. Aug. 5, 2005) ("to prevail on an alleged §1681(a) violation, Plaintiff must demonstrate [the CRA] failed to reinvestigate dispute information and then verify, update, or delete the information within 30 days").

Plaintiff's Opposition simply repeats his conclusion that ChexSystems had an obligation to "conduct a reasonable investigation" and that it "failed to conduct a reasonable reinvestigation." Opp. at 6.   The Opposition, however, does not address the FAC's failure to allege *how* ChexSystems failed to conduct a reasonable reinvestigation. Repetition of the bare assertion that ChexSystems "failed to conduct a reasonable reinvestigation" does not rescue the claim.  Because a violation of § 1681i(a) requires that Plaintiff demonstrate that ChexSystems "failed to reinvestigate disputed information," *Beckstrom*, 2005 U.S. Dist. LEXIS 16071, at *14, Plaintiff's failure to address reinvestigation in the FAC is fatal to his claim.

### D.    Plaintiff's arguments in the Opposition regarding § 1681c-1 are misguided.

At the outset, much of Plaintiff's argument in the Opposition regarding § 1681-c is indecipherable, which makes it exceedingly difficult for ChexSystems to defend itself.  For example, Plaintiff writes that "Plaintiff erroneously believed that Defendant would know a fraud alert had been placed upon his consumer report since Defendant is required to maintain accuracy of Plaintiffs's [sic] consumer file, and standing comes only after such requirement is met. Plaintiff thus erroneously believed claiming a violation by Defendant of §1681g pursuant to § 1681c-1(a)(2)(B) could only occur if such a fraud alert was in place." Opp. at 8.  Is Plaintiff arguing that he incorrectly believed ChexSystems would place a fraud alert on his file because ChexSystems keeps accurate records?  Or is Plaintiff conceding he never requested a fraud alert?  Plaintiff's theory of liability is unclear, which demonstrates that Plaintiff fails to allege a plausible claim.

Further, Plaintiff's claim simply fails to allege all the statutory elements under § 1681c-1(a)(2)(B).  *See* FAC at 5, ¶ IV.  The text of the statute applies in a "case in which a consumer reporting agency includes a fraud alert in the file of a consumer."  15 U.S.C. § 1681c-1(a)(2).  But there is **no** allegation in the FAC that ChexSystems "include[d] a fraud alert" in Plaintiff's file, and Plaintiff's Opposition does not provide any clarity on this point.  Moreover, even if Plaintiff

had alleged that ChexSystems included a fraud alert in his file, which he did not, Plaintiff does not allege that he "request[ed] a free copy of the file of the consumer" – an additional pleading requirement. *See* 15 U.S.C. § 1681c-1(a)(2)(A).  Nor is there any allegation in the FAC that ChexSystems did not provide "disclosures required to be made under section 1681g of this title, without charge to the consumer, not later than 3 business days" after the request. *See* 15 U.S.C. § 1681c-1(a)(2)(B).  Plaintiff's Opposition does not address any of these points.[4]

Finally, in his Opposition, Plaintiff claims he "repeatedly informed [ChexSystems] that he sought FCRA 'disclosures' in order to bring a civil-suite [sic] against the identity thief" but to date no action has been brought based on ChexSystems' alleged failures to provide information. Opp. at 9.  This assertion, however, is a red herring; it has nothing to do with ChexSystems' liability under § 1681c-1 or §1681g and was not the basis for any claims in the FAC.

### E.    Plaintiff's Opposition concedes he did not request a file disclosure and his Section 1681g claim fails entirely.

Finally, in ChexSystems' Motion to Dismiss, it argued that Plaintiff could not prevail on his § 1681g claim because he failed to allege all the statutory elements of a claim.  (ECF No. 24, at 10-12).  For example, Plaintiff did not allege that he requested a copy of his "file" or that ChexSystems failed to respond with a copy of his "file."  *Id.*  Plaintiff's Opposition did not adequately address any of these arguments.

---

[4] In the section of his Opposition regarding § 1681c-1(a)(2), Plaintiff declares that the "FCRA does not mandate a consumer request a copy of his file in order to request the § 1681g disclosures … The does not require a request for the file to be made in order to request the §1681g disclosures." Opp. at 8. This is simply not true, as evidenced by the letter of the statute:

> (a) Information on file; sources; report recipients:  Every consumer reporting agency shall, *upon request*, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer:
>
> > (1) All information in the consumer's file at the time of the request...
> >
> > (2) The sources of the information….(emphasis added).

Plaintiff concedes that he has "not requested his 'file'" which is dispositive on the issue of §1681g liability. Opp. at 9. While admitting he did not request his "file," however, Plaintiff then seems to argue that ChexSystems used this omission to "circumvent the statutory requirements of disclosures of 'other types of information.'" Opp. at 10. But pointing out that Plaintiff did not request his "file" is not avoiding statutory liability. To the contrary, ChexSystems is simply identifying the necessary pleading elements for a claim under §1681g, which are *first*, a consumer reporting agency received a request for a full file disclosure; *second*, the consumer provided proper identification to the consumer reporting agency, consistent with § 1681h(a)(1); *third*, certain information existed in the consumer reporting agency's "file" on the consumer at the time of the request; and *fourth*, the consumer reporting agency failed to disclose all information in the "file" in response to the request, including the sources of that information. 15 U.S.C. § 1681g. Plaintiff did not sufficiently allege any of these elements, and his claim under § 1681g must fail.

In his Opposition, Plaintiff argues that he met his burden because he requested, among other things, a "'description of the procedures used to investigate his disputes'" and a copy of the "'business transaction records' evidencing any transaction alleged to be the result of identity theft." Opp. at 9. But he does not cite to **where** in the FAC he alleged such requests – because they do not exist. Indeed, a close reading of the FAC does not reveal any factual allegations related to requests for descriptions of procedures or business transaction records, and Plaintiff cannot invent allegations in his Opposition in an attempt to defeat ChexSystems' Motion to Dismiss.

In any event, ChexSystems does not have an obligation to provide descriptions of procedures or business transaction records *under § 1681g*. "The prevailing interpretation among other circuits [is] that 'file,' as used in 15 U.S.C. § 1681g(a)(1), means 'all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished,

or has been furnished, in a consumer report on that consumer.'" *Danehy v. Experian Info. Sols., Inc.,* No. 5:18cv17, 2018 U.S. Dist. LEXIS 165165, at *7 (E.D.N.C. Sept. 26, 2018) (citations omitted); *Jones v. Equifax, Inc.*, No. 3:14cv678, 2015 U.S. Dist. LEXIS 114106, at *11 (E.D. Va. Aug. 27, 2015) (same). This means that Plaintiff is only entitled to information that "might be furnished, or has been furnished" in a consumer report, not "every shred of information…simply because there is some slight chance it might someday be in a consumer report.'" *Tailford v. Experian Info. Sols., Inc.*, No. 19-02191JVS, 2020 U.S. Dist. LEXIS 84658, at *13 (C.D. Cal. May 12, 2020) (citations omitted). Thus, Plaintiff's Opposition does not change the course of his § 1681g claim, and it should be dismissed.

## III.    CONCLUSION

For the reasons above and those set forth in its Memorandum in Support of Motion to Dismiss, (ECF. No. 24), ChexSystems respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice, and for such other relief as is just and proper.

Date:  July 2, 2021                          Respectfully Submitted,


                                             By: */s/ Victoria A. Alvarez*
                                             Victoria A. Alvarez (MO Bar No. 65744)
                                             victoria.alvarez@troutman.com
                                             TROUTMAN PEPPER HAMILTON SANDERS LLP
                                             301 South College Street, 34th Floor
                                             Charlotte, NC  28202
                                             Telephone: (704) 998-4072
                                             Facsimile: (704) 998-4051
                                             *Counsel for Defendant Chex Systems, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that this document was filed with the Court's electronic

filing system on July 2, 2021, and sent via Federal Express and electronic mail to the following

addresses:

Joseph Matthew Ketsenburg
224 Reuter Street
Apartment 4
Park Hills, Missouri 63601
cakdparalegal@gmail.com
*Pro Se*

I further certify that a paper courtesy copy of this document, printed on one side only,

was sent via Federal Express to the Court per its requirements to the following address:

United States District Judge Ronnie L. White
111 S. Tenth St., Ste. 10.182
St. Louis, Missouri 63102

/s/ *Victoria A. Alvarez*